IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EVELYN DE ROSA-LARA,<br><br>                   Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:16CV955DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Petitioner Evelyn De Rosa-Lara's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Petitioner pleaded guilty to Count 4 of the Indictment, possession of methamphetamine with intent to distribute.  On November 8, 2010, this court sentenced Petitioner to a 120-month term of incarceration with the Bureau of Prisons followed by 60 months of supervised release.  Petitioner did not file a direct appeal and did not file this motion under § 2255 until September 13, 2016.

      A one-year statute of limitation applies to motions brought under § 2255.  "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Petitioner's conviction became final when the possibility of direct review ended--when she failed to take a direct appeal within ten days of the entry of the judgment and sentence. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000) (holding that the one-year limitation period begins to run when, after direct appeal, the time for filing a certiorari petition expires). Petitioner did not file a Notice of Appeal, therefore, her conviction became final more than five years ago.

The one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances." *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Petitioner has the burden of establishing that equitable tolling should apply. *See Miller*, 141 F.3d at 978 (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

Petitioner has not demonstrated that equitable tolling would apply in this case. Rather, Petitioner contends that she should be entitled to the application of Amendment 794 to the United States Sentencing Guidelines § 3B1.2. Petitioner argues that in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), the Ninth Circuit Court of Appeals determined that Amendment 794 was a clarifying amendment which makes the amendment retroactive. However, the *Quintero-Leyva* court determined only that the amendment "applies retroactively to

direct appeals." *Id.* at 523. The court did not determine that Amendment 794 applies retroactively to cases on collateral review. Petitioner's § 2255 motion seeks collateral review of her sentence, it is not a direct appeal. Petitioner did not appeal her sentence. Because no court has concluded that Amendment 794 applies to cases on collateral review, the court denies Petitioner's motion. Moreover, even if the Amendment applied, there was no factual basis for applying the minor role adjustment and Petitioner did not seek to have the adjustment considered at her sentencing.

For these reasons, the court concludes that Petitioner's § 2255 motion is untimely under the one-year statute of limitations and that Petitioner has failed to show that the one-year statute of limitations does not apply. Amendment 794 has not been made retroactively applicable to cases on collateral review, only cases on direct appeal. Moreover, the court finds that there was no factual support for applying the minor role adjustment before the court at the time of sentencing. Accordingly, Petitioner's motion is DENIED and this case is dismissed with prejudice for lack of jurisdiction.

When denying a § 2255 motion, the court is required to also determine whether Petitioner is entitled to a certificate of appealability. Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This court, however, has concluded that Petitioner's § 2255 motion is without merit. Thus, for the reasons set forth above, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. Because the court declines to issue a Certificate of Appealability, Petitioner will need to

obtain a Certificate of Appealability from the Tenth Circuit Court of Appeals.

DATED this 14th day of September, 2016.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge